IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MINA REID, *etc.*, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 13-0379-WS-C |
| | ) |
| SELMA CITY SCHOOL BOARD, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

     This matter comes before the Court on defendants' Amended Motion to Dismiss (doc. 9). The Motion has been briefed and is ripe for disposition.[1]

**I.    Background.**

     Plaintiff, Mina Reid, on behalf of her minor son X.R., brought this action in state court against named defendants, Selma City School Board and Payne Elementary School. On July 24, 2013, defendants removed this action to this District Court.[2] Reid's claims arise from an alleged incident on September 18, 2012, in which X.R., a 5-year old special education student attending Payne Elementary School, was sexually assaulted in the school bathroom by a classmate who purportedly had a history of prior acts of sexual misconduct. Reid alleges that defendants violated their own policies "and other applicable safety guidelines, rules, and regulations related

---

[1]     Defendants do not specify the subsection of Rule 12(b) under which they are proceeding; however, the exhaustion argument they advance is not jurisdictional. *See N.B. by D.G. v. Alachua County School Bd.*, 84 F.3d 1376, 1379 (11th Cir. 1996) (opining that IDEA's "exhaustion requirement … is not jurisdictional and therefore is not to be applied inflexibly") (citations and internal quotation marks omitted). The Court therefore examines this Motion through the lens of Rule 12(b)(6), rather than Rule 12(b)(1).

[2]     Subject matter jurisdiction was predicated on the federal question provisions of 28 U.S.C. § 1331. A fair reading of the Complaint confirms the viability of this jurisdictional footing, given plaintiff's allegations that defendants' conduct violated the Individuals with Disabilities Education Act, as well as 42 U.S.C. §§ 1983 and/or 1985. (*See* doc. 1, Exh. A, ¶¶ 6, 13.)

to special education services" (doc. 1, Exh. A, ¶¶ 5, 12) by allowing the assailant to accompany X.R. to the school bathroom without supervision.

The nature of plaintiff's claims is not delineated with precision. The Complaint purports to state two causes of action, one labeled "Violation of Civil and/or Special Education Rights" and the other labeled "Negligence," but the substance and legal theory animating both claims appears to be identical. Specifically, Reid utilizes nearly verbatim language in both causes of action that defendants' actions of allowing a student with a known propensity for sexual misconduct to accompany a special education student like X.R. to the restroom "violated IDEA, part C & B, 34 CFR Part 300, 42 USC §1983 and/or §1985, in that Plaintiff's guardian filed a complaint, with the Defendant and requested a due Process hearing, and Defendants failed or refused to grant Plaintiff's appointed guardian any form of due process as it relates to the safety of Plaintiff's minor child." (Doc. 1, Exh. A, ¶ 6; *see also id.*, ¶ 13.) Plaintiff's counsel characterizes the gravamen of the pleading as follows: "the substance of said complaint was on the defendant's failure to maintain a safe environment for said special needs child in violation of the school board's policy related to all students in Selma City School System." (Doc. 15, at 5.)

## II.   Analysis.

### A.   *Defendants' Motion to Dismiss.*

The sole asserted basis for defendants' Amended Motion to Dismiss is that the Complaint should be dismissed for failure to exhaust administrative remedies. Defendants reason that Reid's claims arise under or relate to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et al.* ("IDEA"), and that IDEA imposes specific procedural requirements vis a vis exhaustion of administrative remedies which plaintiff has not satisfied.[3]

---

[3] The statute's procedural requirements are in play regardless of whether plaintiff's claims are nominally couched as having been brought pursuant to IDEA or some other statute or provision. *See* 20 U.S.C. § 1415(*l*) (clarifying that IDEA does not "restrict or limit the rights, procedures, and remedies available under the Constitution … or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter"). Accordingly, Reid cannot evade the procedural requirements of IDEA by characterizing her claims as, for example, § 1983 causes of action alleging constitutional violations, rather than IDEA causes of action. The relief she seeks is also available under IDEA; therefore, compliance with that statute's exhaustion requirements is mandatory. *See M.T.V. v.* (Continued)

Congress's stated purposes in enacting IDEA include the following: "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A)-(B). In furtherance of such objectives, the statute requires that parents be given an opportunity to bring an administrative complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." *Id.*, § 1415(b)(6)(A). To initiate this process, the complaining party must provide "due process complaint notice" to the other party, which notice must identify the child, specify the child's address of residence and school of attendance, and include "a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem; and … a proposed resolution of the problem to the extent known and available to the party at the time." *Id.* § 1415(b)(7)(A)(ii). IDEA unambiguously provides that "a party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of subparagraph (A)(ii)." *Id.* § 1415(b)(7)(B).

In a nutshell, defendants' Motion to Dismiss is rooted in the notion that Reid did not observe the "due process complaint notice" requirements of IDEA, and that her claims in this action therefore fail for want of exhaustion. The aforementioned provisions of IDEA have routinely been construed as an administrative prerequisite to the filing of suit. *See, e.g., M.T.V. v. DeKalb County School Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006) ("whether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section 504, or the Constitution, they must first be exhausted in state administrative proceedings"); *School Bd. of Lee County, Fla. v. M.M. ex rel. M.M.*, 2009 WL 3182971 (11th Cir. Oct. 6, 2009) ("exhaustion is a prerequisite to the civil action contemplated by § 1415, and a parent's failure to exhaust administrative remedies by requesting and participating in a due-process hearing will result in dismissal of the civil action"). Reid's claims are subject to this exhaustion requirement, as a matter of law.

---

*DeKalb County School Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006) ("any student who wants relief that is available under the IDEA must use the IDEA's administrative system, even if he invokes a different statute") (citations and internal quotation marks omitted).

The remaining question is whether Reid has satisfied the exhaustion requirement. Again, defendants' position is that the Complaint must be dismissed because "Plaintiff has not requested a special education due process hearing." (Doc. 16, at 2-3.) But this assertion of fact cannot be credited on Rule 12(b)(6) review. On this Motion to Dismiss, the Court must accept as true the well-pleaded factual allegations of the Complaint, draw all reasonable inferences in the plaintiff's favor, and confine its review of the facts to the four corners of that pleading plus the attached exhibits.[4] On its face, the Complaint alleges that "Plaintiff's guardian filed a complaint[] with the Defendant and requested a due Process hearing, and Defendants failed or refused to grant … any form of due process." (Doc. 1, Exh. A, ¶ 6.) Thus, the well-pleaded facts before the Court are that plaintiff requested and was denied a due process hearing. That factual allegation must be credited on Rule 12(b)(6) review. Moreover, attached to the Complaint is a letter from plaintiff's counsel to the Superintendent of the Selma City School System (with a "cc" to its counsel) dated September 27, 2012. In that letter, plaintiff's counsel identified the name of the child, the name of the school the child attended, a detailed description of the nature of the problem, a request for information as to "what safety measures have been implemented by the school system as it relates to her complaint," and a request that plaintiff "be granted a hearing in this matter." (Doc. 1-1, Exh. A, at 2.) By its terms, this exhibit is a written request for a hearing that appears adequate to place defendants on notice that plaintiff desired an IDEA due process hearing as to this incident.

In short, the well-pleaded facts of the Complaint and accompanying exhibits reflect that plaintiff requested a due process hearing, but that defendants never furnished one. Under this version of the facts (which must be accepted as true on Rule 12(b)(6) review), plaintiff did

---

[4] *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (on a motion to dismiss under Rule 12(b)(6), court must "accept[] the facts alleged in the complaint as true" and "draw[] all reasonable inferences in the plaintiff's favor"); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is limited to the four corners of the complaint.") (citation and internal quotation marks omitted); *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007) ("a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true when it considers a motion to dismiss a complaint under Rule 12(b)(6)"); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss, … the court limits its consideration to the pleadings and exhibits attached thereto.") (citation omitted).

exhaust her administrative remedies before filing suit because plaintiff made a written request for due process hearing, which defendants refused to grant. Defendants cannot whipsaw a plaintiff by frustrating her *bona fide* attempt to satisfy IDEA exhaustion obligations, on the one hand, and then seeking dismissal of the ensuing lawsuit for non-compliance with those same IDEA exhaustion obligations, on the other. Yet the factual allegations in the light most favorable to Reid reflect that the Selma City School Board did exactly that.

It is no answer to argue, as the Board attempts to do, that plaintiff's written due process hearing request was deficient because it did not comport with all particulars of the IDEA notice requirement (such as reciting the child's residence address or proposing a specific resolution to the problem) or because plaintiff's counsel failed to mail a copy to the State Superintendent of Education, as required by Alabama Administrative Code § 290-8-9-.08(9)(c)(1)(i). By all appearances, plaintiff's hearing request did fall short in certain technical particulars. The problem with defendants' argument is that it overlooks IDEA statutory language that "[t]he due process complaint notice required under subsection (b)(7)(A) shall be deemed to be sufficient unless the party receiving the notice **notifies … the other party in writing** that the receiving party believes the notice has not met the requirements of subsection (b)(7)(A)." 20 U.S.C. § 1415(c)(2)(A) (emphasis added). Applicable Alabama regulations adopt this concept *in toto*. *See* Ala. Admin. Code § 290-8-9-.08(9)(c)(1)(iii) ("The written request for a hearing must be deemed to be sufficient unless the party receiving the written request for the hearing notifies the hearing officer and the other party in writing within 15 calendar days of receipt of the due process hearing request that the receiving party believes the request is insufficient."). At the Rule 12(b)(6) stage, this Court has been given no facts or information suggesting that the Selma City School Board (a proper recipient of the hearing request for purposes of federal and state notice requirements)[5] ever did anything to notify plaintiff or her counsel that it believed her written request for due process hearing was insufficient. Even if they exist, such facts and

---

[5] IDEA makes plain that the due process complaint notice must be sent "to the other party." 20 U.S.C. § 1415(b)(7)(A)(i). Likewise, the Alabama regulations provide that "[a] copy of the written request for a due process hearing **must also be sent to the other party** and must remain confidential." Ala. Admin. Code § 290-8-9-.08(9)(c)(1)(i) (emphasis added). So the Selma City School Board was, by all appearances, a proper recipient of plaintiff's IDEA hearing request letter.

circumstances are outside the pleadings, and not amenable for consideration on a Rule 12(b)(6) Motion.[6]

As legal support for its argument, the Board relies on *Gray v. Highland Gardens School*, 2013 WL 776273 (M.D. Ala. Jan. 31, 2013), for the proposition that sending a hearing request to the local agency, without also submitting it to the State Superintendent of Education, does not constitute exhaustion of remedies. (Doc. 16, at 3-4.) But *Gray* is readily distinguishable. The *pro se* plaintiff in *Gray* did not send a written hearing request to anyone, but instead "went through the 'chain of command' by meeting with 'Mrs. James' and L.G.'s special education teachers and, also, by calling the Board of Education to complain." 2013 WL 776273, at *1. The form of complaint in *Gray* bears little resemblance to that here. In *Gray*, the plaintiff met with a couple of teachers and called the local school board; therefore, she did not do anything that might even arguably satisfy the written due process hearing request requirement. By contrast, in the case at bar, plaintiff's counsel requested in writing that the Selma City School Board provide a hearing to address plaintiff's grievances concerning the alleged sexual assault of X.R. at school. That written request expressly identified the student's name, school and special education status (*i.e.*, that X.R. "is autistic"). Unlike the *Gray* parent, the plaintiff appears to have taken sufficient steps to trigger obligations by the Selma City School Board to respond to the written complaint, and to state why it believed the hearing request to be insufficient (if, in fact, that is what it believed). The allegation here is that the Selma City School Board shirked those obligations. On these facts and circumstances, as alleged in the Complaint and exhibits, defendants' position is not bolstered by the result or reasoning in *Gray*.

---

[6] Even if the Selma City School Board did timely notify plaintiff's counsel that it believed the hearing request to be insufficient, it appears that federal and state law imposed on the Board an obligation to respond in writing to that request on the merits. *See* 20 U.S.C. § 1415(c)(2)(B)(i)(I) ("If the local educational agency has not sent a prior written notice to the parent, … such local educational agency shall, within 10 days of receiving the complaint, send the parent a response that shall include … an explanation of why the agency proposed or refused to take the action raised in the complaint," amongst other things); Ala. Admin. Code § 290-8-9-.08(9)(c)(2) (similar). Plaintiff alleges that the Board <u>never</u> responded in writing to the hearing request. If that is true (which the Court cannot and does not decide at the motion-to-dismiss stage), then such a procedural lapse by defendants hardly puts them in good stead to cast stones at plaintiff for failing to abide by technical rules and requirements of IDEA and Alabama implementing regulations to which defendants likewise failed to adhere.

In sum, accepting all facts in the Complaint and its exhibits as true and drawing all reasonable inferences from same in Reid's favor, the Court cannot endorse defendants' failure-to-exhaust defense. Under plaintiff's version of the facts, plaintiff's counsel promptly submitted a written request for due process hearing to the Selma City School Board and its lawyer, but the Board never responded. Rather than explaining to plaintiff's counsel why they believed that written notice to be insufficient (if in fact that is what defendants believed), and rather than providing a written response to the request as required by IDEA and Alabama regulations, defendants did nothing. This inaction was tantamount to failing and refusing to grant plaintiff "any form of due process as it relates to the safety of Plaintiff's minor child." (Doc. 1, Exh. A, ¶¶ 6, 13.) The requirement that a complainant file a due process complaint notice under IDEA is not a game of "gotcha." Facts before the Court demonstrate that plaintiff attempted to comply. If defendants believed this notice was inadequate, then IDEA and state regulations placed the onus on defendants to so notify plaintiff. No facts before the Court on this Motion to Dismiss suggest that defendants ever did that. Having proceeded in derogation of their own administrative and procedural responsibilities (at least, under the version of facts as pleaded by plaintiff), defendants cannot take advantage of their own omissions to secure dismissal of plaintiff's claims for failure to exhaust administrative remedies that plaintiff endeavored to invoke, but that defendants obstructed and refused to provide. The Motion to Dismiss is properly **denied**.[7]

   **B.**   ***Defendants' Motion for More Definite Statement.***

As an alternative to their Rule 12(b) Motion, defendants move for a more definite statement, pursuant to Rule 12(e), Fed.R.Civ.P. The only asserted basis for this afterthought

---

[7] To be clear, the undersigned understands and applauds the sound policy reasons for imposing an administrative exhaustion requirement in this context. It seems self-evident that everyone (and likely the child most of all) benefits from the IDEA framework which "counsels that parents turn first to educational professionals, as opposed to courts, to remedy disputes over a child's education." *Cudjoe v. Independent Sch. Dist. No. 12*, 297 F.3d 1058, 1065 (10th Cir. 2002). The Court also appreciates that this administrative process never materialized in X.R.'s case. A critical question in this lawsuit – and one which cannot be definitively resolved at the pleadings stage – appears to be whether plaintiff or defendants are to blame for the breakdown in that administrative process. That is to say, who dropped the ball? At the pleadings stage, the Court cannot unequivocally affix blame on plaintiff; therefore, the Rule 12(b)(6) Motion must be denied.

request is defendants' statement that Reid should "be required to specify the statutes and/or constitutional provisions upon which she bases her claims." (Doc. 9, at 3.)

"Under clearly established law, motions for more definite statement are disfavored and are confined to such narrow circumstances as 'shotgun pleadings' or unintelligible pleadings, not pleadings that are merely less detailed than a defendant might like." *Austin v. Auto Owners Ins. Co.*, 2012 WL 3101693, *5 (S.D. Ala. July 30, 2012) (collecting cases); *see also Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels*, 352 F. Supp.2d 1218, 1221-22 (S.D.Ala.2005) (Rule 12(e) motions "are viewed with disfavor and are rarely granted," and are "not a substitute for discovery"). Simply put, a more definite statement is warranted only if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Rule 12(e), Fed.R.Civ.P.

Defendants offer no legal or practical argument why Reid's formulation of the claims in the present Complaint (alleging violations of "IDEA, part C & B, 34 CFR Part 300, 42 USC §1983 and/or §1985" and specifically referencing denial of due process) is so imprecise or inadequate that defendants cannot answer. On its face, Reid's Complaint is pleaded with sufficient specificity and clarity that defendants are sufficiently on notice of the claims that they are capable of framing a responsive pleading. Any additional detail that defendants might desire about the specific "statutes and/or constitutional provisions" (doc. 9, at 3) at issue can be readily obtained via the discovery process after filing answers. Thus, a more definite statement is not reasonably necessary to safeguard defendants' interests or facilitate their ability to fashion a responsive pleading. Defendants' alternative Rule 12(e) motion is **denied**.

### III. Conclusion.

For all of the foregoing reasons, defendants' Amended Motion to Dismiss (doc. 9) and incorporated Motion for More Definite Statement are **denied**. Defendants are **ordered** to file their answer(s) to the Complaint on or before **October 3, 2013**.

DONE and ORDERED this 19th day of September, 2013.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE